MEDICAL-DENTAL BUREAU, INC., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE, ET AL.

(No. 71-402—Decided March 1, 1972.)

124

*Messrs. Dunbar, Kienzle & Murphey, Mr. Frank C. Dunbar, III,* and *Mr. Kenton L. Kuehnle,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John J. Gill,* for appellee.

*Messrs. George, Greek, King, McMahon & McConnaughey* and *Mr. A. Charles Tell,* for Anserphone, Inc.

CORRIGAN, J. The sole issue in the controversy between Medical-Dental Bureau, Inc., and the Public Utilities Commission is whether the order of the commission denying Medical-Dental Bureau's application was unlawful or unreasonable. If it was, then, under R. C. 4903.13, the order shall be reversed, vacated or modified.

Appellant suggests in its brief and argument that the commission denied the certificate on the basis of failure by appellant to show inadequacy in the service being currently provided to the area by Anserphone, Inc. Such ground, appellant contends, would be unreasonable and unlawful. However, the commission stated in its opinion that "* * * since substantially all of the public witnesses testified that they would forego using mobile radio telephone service if the application of Medical-Dental Bureau, Inc. was denied, the commission is of the opinion that the evidence

fails to show the granting of the requested authority is proper and necessary for the public convenience.''

The commission made seven findings of fact, including the following:

''(3) The protestant, Anserphone, Inc. holds authority from this commission to provide a similar service in the Youngstown, Ohio area.

''(4) The proposed service area of the applicant and that of the protestant overlap as to dbu contour of each station and the protestant is able to provide service to the entire area for which the public witnesses testified as to need.

''(5) The protestant has sufficient facilities and equipment to provide mobile radio telephone service to members of the public in the Youngstown, Ohio area and those facilities are being only partially utilized at the present time.

''(6) The mobile radio telephone service of the protestant is adequate to meet the needs and desires of the public in the Youngstown, Ohio area and no necessity exists for additional service.

''(7) The evidence fails to show that a public convenience and necessity exists for the services as proposed by the applicant.''

The argument is advanced by appellant that the standard of ''public convenience and necessity,'' as used in finding of fact No. 7 above, is improper; that such standard is applicable in connection with the issuance of certificates by the commission to motor transportation companies under the provisions of R. C. 4921.10 and is inapplicable to telephone companies. Appellant urges that the proper standard to be applied to telephone companies is the ''proper and necessary for public convenience'' standard set forth in R. C. 4905.24; that, by applying the wrong standard, an improper burden of proof was imposed upon the applicant.

However, the commission, in its conclusions of law, held as follows:

"(1) The application is properly before the commission and the commission has jurisdiction to hear and determine the issues involved herein.

"(2) The mobile radio telephone service of Anserphone, Inc., in the Youngstown, Ohio area is adequate to meet the demands of the public.

"(3) The granting of the authority sought by the within application is neither proper nor necessary for the public in the Youngstown, Ohio area.

"(4) The granting of the within application would be contrary to the public interest."

Conclusion No. 3 indicates that the proper test was applied. Moreover, a careful reading and consideration of the docket entries of the commission, the transcript of the proceedings, the exhibits before the commission and the opinion and order of the commission leads clearly to the conclusion that the order denying the application of appellant was lawful and reasonable.

Applying the rule expressed in *Railway Express Agency* v. *Pub. Util. Comm.* (1962), 173 Ohio St. 69, 74, that "* * * an order of the commission will not be reversed unless it is manifestly against the weight of the evidence or that there is no evidence to sustain it; and that, if, upon examination, an order of the commission does not appear to be unreasonable or unlawful, it will not be disturbed," we affirm the order of the commission.

*Order affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN and LEACH, JJ., concur.

BROWN, J., not participating.